IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 24-CR-401-GKF |
| RYAN DUKE HAIGHT, | ) ) ) |
| Defendant. | ) ) |

**OPINION AND ORDER**

This matter comes before the court on defendant Ryan Duke Haight's Motion to Sever. [Doc. 32]. For the reasons set forth below, the motion is denied.

**Background/Procedural History**

On December 17, 2024, a grand jury returned an Indictment charging Mr. Haight with: one count of Sexual Abuse of a Minor in Indian Country pursuant to 18 U.S.C. §§ 1151, 1153, and 2243(a); and two counts of Abusive Sexual Contact with a Minor in Indian Country pursuant to 18 U.S.C. §§ 1151, 1153, and 2244(a)(3). [Doc. 2]. Mr. Haight is alleged to have knowingly engaged in, and attempted to engage in, a sexual act with MV1, and knowingly engaged in and caused sexual contact with MV1, all on July 24, 2024. Mr. Haight is further alleged to have knowingly engaged in and caused sexual contact with MV2 on July 5, 2024. Trial of this matter is scheduled to begin on May 19, 2025. [Doc. 23].

On April 23, 2025 Mr. Haight filed his Motion to Sever. [Doc. 32]. Mr. Haight points out that Count Three of the Indictment alleges contact with a different minor and on a different date than Counts One and Two. He further notes that neither the witnesses nor the evidence relevant to Count Three overlap with the witnesses and evidence for the other counts. Mr. Haight argues in his Motion that (1) Count Three is improperly joined, (2) joining Count Three with the other

counts impermissibly prejudices Mr. Haight, and (3) joining Count Three with the other counts creates an impermissible risk of spillover and presentation of cumulative evidence. The government responded to Mr. Haight's Motion on May 2, 2025. [Doc. 38].

**Legal Standard**

Two or more offenses may be joined in a single indictment if the offenses are (1) of the same or similar character, (2) based on the same act or transaction, or (3) connected with or constitute parts of a common scheme or plan. Fed. R. Crim. P. 8(a). Courts are instructed to construe "Rule 8 . . . broadly to allow liberal joinder to enhance the efficiency of the judicial system." *United States v. Bagby*, 696 F.3d 1074, 1086 (10th Cir. 2012) (quoting *United States v. Price*, 265 F.3d 1097, 1105 (10th Cir. 2001)). However, the court may sever the counts if it appears the defendant is prejudiced by joinder. Fed. R. Crim. P. 14(a); *United States v. Thomas*, 849 F.3d 906, 911 (10th Cir. 2017). "The decision to grant severance and order separate trials is within the sound discretion of the trial court." *United States v. Pursley*, 474 F.3d 757, 767 n.7 (10th Cir. 2007) (quoting *United States v. Hayes*, 861 F.2d 1225, 1231 (10th Cir. 1988)).

"To prevail on a motion to sever, a defendant must demonstrate that the joinder would cause actual prejudice to his defense that outweighs the expense and inconvenience of separate trials." *Thomas*, 849 F.3d at 911–12 (citing *United States v. Hutchinson*, 573 F.3d 1011, 1025 (10th Cir. 2009)). This is a difficult standard for the defendant to meet. *United States v. Olsen*, 519 F.3d 1096, 1102–03 (10th Cir. 2008). It is not sufficient that a defendant may have a better chance of acquittal if the counts are tried separately. *Thomas*, 849 F.3d at 912 (citing *United States v. Hollis*, 971 F.2d 1441, 1457 (10th Cir. 1992)). Nor is it enough that there may be spill-over from damaging evidence presented on other counts. *United States v. Caldwell*, 560 F.3d 1202, 1213 (10th Cir. 2009) (citing *United States v. Wacker*, 72 F.3d 1453, 1468 (10th Cir. 1995)).

Rather, the defendant's right to a fair trial must be "threatened or actually impaired." *Thomas*, 849 F.3d at 912 (citing *Olsen*, 519 F.3d at 1103).

## Analysis

### I.     *The Offenses are Properly Joined*

The alleged conduct in Counts 1 and 2 is distinct from that in Count 3, and there is no indication that the separate conduct was part of a common scheme or plan.  Accordingly, joinder of Count 3 is authorized, if at all, based on having the same or similar character to the offenses in Counts 1 and 2.

Offenses are of the same or similar character if the charged crimes are categorically similar. *See* Wright & Miller, Fed. Practice & Procedure Crim. § 144 (5th ed. 2025) (noting that the Tenth Circuit takes the "categorical approach" in determining whether offenses are of the same or similar character).  In *United States v. Thomas*, 849 F.3d 906 (10th Cir. 2017), the Tenth Circuit found four temporally unrelated robberies to be of the same or similar character. *Id.* at 912.  Likewise, in *United States v. Valdez*, 149 F.R.D. 220 (D. Utah 1993), the court found that two sets of temporally unconnected drug trafficking charges were of the same or similar character, whereas a single charge of reentry of a deported alien was "of a dissimilar character." *Id.* at 221.  In *United States v. Shanks*, this court found that three charges of criminal sexual conduct against different victims at different times were of the "same or similar character." [Case No. 22-cr-110-GKF, Doc. 55, p. 2].

Here, Mr. Haight is charged with one count of sexual abuse of a minor in Indian Country and two counts of abusive sexual contact with a minor in Indian Country.  Count 3 and Count 2, though temporally unrelated, involve the same criminal charge.  This is analogous to the robbery charges in *Thomas*, the drug trafficking charges in *Valdez*, and the sexual abuse in *Shanks*.  Though

Count 3 is temporally disconnected from the other counts, it is of the same character as Count 2 and similar character to Count 1. The offenses are properly joined.

      *II.      Defendant has Not Demonstrated Prejudice Sufficient to Warrant Severance*

Mr. Haight argues that trying all three counts together impermissibly prejudices him because (1) the jury may impermissibly infer commission of one offense based on evidence of another and (2) Mr. Haight may wish to testify as to one offense, but not another.

The risk that a jury could infer guilt as to one offense based on evidence of another does not mandate a severance. *Hollis*, 971 F.2d at 1457 ("The district court was not required to sever the counts simply because the cumulative effect of evidence of similar misconduct might potentially prejudice the defendant."). Any risk of prejudice on this basis can be adequately addressed with an appropriate limiting instruction. *See Caldwell*, 560 F.3d at 1213 (holding that court's instruction to jury that "the guilt or innocence of a defendant as to each count or offense must . . . be considered separately" was effective); *Hutchinson*, 573 F.3d at 1026 ("[L]imiting instructions are ordinarily sufficient to cure potential prejudice."); *and United States v. Castillo*, 140 F.3d 874, 884 (10th Cir. 1998) ("A central assumption of our jurisprudence is that juries follow the instructions they receive.").

As for Mr. Haight's assertion that he may want to testify as to one count but not to another, "no need for severance exists until the defendant makes a convincing showing that he has both important testimony to give concerning one count *and* a strong need to refrain from testifying on the other." *United States v. Jones*, 530 F.3d 1292, 1300 (10th Cir. 2008) (quoting *United States v. Martin*, 18 F.3d 1515, 1518–19 (10th Cir. 1994)) (emphasis added). "[T]o demonstrate 'convincing need,' the defendant must 'present enough information to satisfy the court that the claim of prejudice is genuine and to enable it to intelligently weigh the considerations of economy

4

and expedition in judicial administration against the defendant's interest in having a free choice with respect to testifying.'" *Id.* Mr. Haight asserts that he may wish to testify as to one charge but not another, but he fails to explain why that is the case and he does not identify the charge(s) to which he would like to testify and the charge(s) to which he would refrain from testifying. Mr. Haight has not made a convincing showing that he has important testimony as to one count and a strong need to refrain from testifying as to another.

    III.    *The Risk of Spillover and Cumulation is Minimal and Can be Mitigated*

As noted above, the risk that a jury could infer wrongdoing as to one count on the basis of evidence of another count can be adequately mitigated by a limiting instruction. The related risk of spillover evidence—where the jury impermissibly considers evidence from one count in proving an element of another—is minimal in this case. The evidence in Count 3 does not overlap with the evidence in the other counts, and the witnesses for Count 3 are different. [Doc. 32, p. 7]. Thus, there is minimal risk that a jury could confuse the evidence. Any remaining risk can be adequately cured by a limiting instruction.

## Conclusion

WHEREFORE, defendant Ryan Duke Haight's Motion to Sever [Doc. 32] is denied.

IT IS SO ORDERED this 2nd day of May, 2025.

                                                          GREGORY K. FRIZZELL
                                                          UNITED STATES DISTRICT JUDGE